UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 2ND CHANCE MORTGAGES, INC., a California Corporation,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>TODD KURVERS, et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 17-CV-407-AJB-BLM<br><br>**(1) SUA SPONTE REMANDING ACTION TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION (Doc. No. 1); AND**<br><br>**(2) DENYING PLAINTIFF'S MOTION TO REMAND AS MOOT (Doc. No. 3.)** |

　　　　On February 28, 2017, Defendant Todd Kurvers ("Removing Defendant"), acting *pro se*, filed a notice of removal of an unlawful detainer action filed in San Diego Superior Court. (Doc. No. 1.) On March 16, 2017, Plaintiff 2nd Chance Mortgages, Inc. ("Plaintiff") filed an ex parte motion to remand this action back to state court.[1] (Doc. No. 3.) For the

---

[1] The Court notes that Plaintiff failed to follow the procedures for filing an ex parte motion as laid out in Judge Battaglia's chamber rules. Due to the nature of the present action, the Court will overlook Plaintiff's failure to follow proper protocol and submits Plaintiff's motion on the papers according to Local Civil Rule 7.1.d.1.

reasons set forth below, the Court *sua sponte* **REMANDS** the action for lack of subject matter jurisdiction, and **DENIES AS MOOT** Plaintiff's motion to remand.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action to federal court only if the district court would have original jurisdiction over the matter. 28 U.S.C. § 1441(a). Removal statutes are strictly construed against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability. *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). However, a plaintiff seeking remand has the burden to prove that an express exception to removal exists. *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698 (2003).

"[F]ederal courts are under an independent obligation to examine their own jurisdiction[.]" *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). Accordingly, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## DISCUSSION

Removing Defendant alleges that the Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, § 1441(a), and § 1446. (Doc. No. 1 at 1.)[2] Federal question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also* U.S. Const. art. III, § 2, cl. 1. Jurisdiction in federal question cases is "governed by the 'well-pleaded complaint rule,'

---

[2] Page numbers refer to the CM/ECF page numbers and not the automatically generated page numbers on the original document.

which provides that federal [question] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392–93 (1987). Diversity jurisdiction exists where there is complete diversity among opposing parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

Removing Defendant claims that federal question jurisdiction exists because his claim is based upon a notice which incorporates the "Protecting Tenants at Foreclosure Act of 2009."[3] (Doc. No. 1 ¶ 7.) The complaint attached as Exhibit A to the notice of removal, however, affirmatively shows that Removing Defendant's complaint alleges only a single claim for unlawful detainer, which is a California state law cause of action. (Doc. No. 1-2 at 8.) *Wells Fargo Bank v. Lapeen*, No. C 11-01932 LB, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011) ("An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law.") (citing *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010)).

The Court also notes that Removing Defendant makes no claims that removal is appropriate based on diversity jurisdiction. Looking at the complaint, the Court finds that Plaintiff is a California Corporation, and Removing Defendant is a citizen of California. (Doc. No. 1 at 1.) The superior court complaint also states on its face that the demand for damages does not exceed $10,000. (Doc. No. 1-2 at 8.) Moreover, Plaintiff asks for damages in the amount of $133.33 per day since 11/26/2016. (*Id.* at 10.) As of the day of this order, that only amounts to $14799.63, which is far less than the $75,000 needed to qualify for diversity jurisdiction.

The Court finds that Plaintiff's complaint does not "necessarily raise a stated federal issue, actually disputed and substantial," which this Court "may entertain without disturbing any congressionally approved balance of federal and state judicial

---

[3]The Court highlights that the Protecting Tenants at Foreclosure Act of 2009 expired at the end of 2014. *Nativi v. Deutsche Bank Nat. Trust Co.*, 223 Cal. App. 4th 261, 268 (2014).

responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *see also Aurora Loan Servs., LLC v. Montoya*, No. 2:11-cv-2485- MCE-KJN-PS, 2011 WL 5508926, at *3 (E.D. Cal. Nov. 9, 2011) ("[P]laintiff filed its Complaint in Superior Court asserting a single claim for unlawful detainer premised solely on California law. Because a claim for unlawful detainer does not itself present a federal question or necessarily turn on the construction of federal law, no basis for federal question jurisdiction appears on the face of the Complaint."). As the complaint does not present a federal question, and diversity jurisdiction is not present, the Court lacks subject matter jurisdiction.

## CONCLUSION

For the reasons set forth above, the Court *sua sponte* **REMANDS** the action to San Diego Superior Court for lack of subject matter jurisdiction. Accordingly, Plaintiff's motion to remand is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: March 20, 2017

Hon. Anthony J. Battaglia
United States District Judge